## GIESECKE v. PITTSBURGH HOTELS, Inc., et al.

### Civ. A. No. 2896.

United States District Court
W. D. Pennsylvania.

Jan. 28, 1949.

See also 57 F.Supp. 180.

Ackert, Giesecke & Waugh, of St. Louis, Mo., and Heard & Heard, of Pittsburgh, Pa., for plaintiff.

Blaxter, O'Neill & Houston, of Pittsburgh, Pa., for defendants.

GIBSON, Chief Judge.

On September 21, 1948, the plaintiff filed a Motion for Additional Payments into Sinking Fund and a Motion for Production of Documents for the Court's Inspection. Both motions must be denied. In November, 1947 the plaintiff sold all of his interest in the securities of the Pittsburgh Hotels, Inc., and although this is in the form of a derivative class action, the plaintiff can no longer proceed with it.

On May 24, 1948, the defendants filed a Motion for Summary Judgment. This motion will be granted. The plaintiff instituted this action in 1942, supposedly on behalf of all the bondholders; since that time none of the bondholders have sought to intervene. Under these circumstances there is no necessity to invoke Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. See May v. Midwest Refining Co., 1 Cir., 1941, 121 F.2d 431, 440.

As a result of the plaintiff's efforts this court ordered the Pittsburgh Hotels, Inc., to pay the $50,000.00 which had been used as working capital, into the sinking fund as additional security for the bonds. This comes within the doctrine that in a derivative class action the plaintiff is entitled to a reasonable allowance for counsel fees and expenses, when, through his efforts he has produced a fund for the benefit of the class. However, a considerable portion of the plaintiff's efforts were spent in the litigation of issues which were not germane to the recovery of the $50,000.00. Plaintiff is not entitled to be compensated for his own services and expenses, but the sum of Five Hundred ($500.00) Dollars will be allowed the plaintiff as a reasonable fee for his Pittsburgh counsel.